### In re DVORAK.

(District Court, N. D. Iowa, Cedar Rapids Division. April 1, 1901.)

BANKRUPTCY—APPLICATION FOR DISCHARGE—NOTICE TO CREDITORS.

    Bankr. Act 1898, § 58, requires that creditors shall have notice by mail of all meetings and of the application for discharge, and that the bankrupt shall furnish a list of creditors and their addresses. *Held*, in view of this provision, that notice by publication to judgment creditors was insufficient to entitle a bankrupt to discharge, unless he shows that the addresses of such creditors cannot be ascertained after diligent search and inquiry.

Submitted on Petition for Discharge, and on Final Order Closing the Estate.

Vincel Drahos, for bankrupt.

SHIRAS, District Judge. From the schedules attached to the petition filed by the bankrupt, it appears that there are six creditors, holding claims aggregating $4,376 in amount, all of which have been put in judgment in the district court of Linn county, Iowa; it being further stated in the schedule that the residences of the several creditors are unknown. The record further shows that the referee, after entering the adjudication in the usual form, named the 14th day of December, 1900, as the day for the first meeting of the creditors, and caused notice thereof to be published in the Cedar Rapids Republican, but no notices were sent by mail to any of the creditors; it being recited in the record that the residences thereof were unknown. It further appears that as the schedules did not disclose any assets, and as no creditors appeared in the case, no trustee was appointed, and in due time the estate was declared closed. When the petition for discharge was filed, it was, under the rule of the court, sent to the referee, who fixed the date for creditors to appear in opposition thereto, but the only notice given thereof was by publication in the Republican newspaper. It does not appear that the bankrupt or the referee made any effort to ascertain the residences of the creditors, in order that notice by mail might be sent them. As already stated, all the debts owing by the bankrupt, so far as disclosed by the schedules, are represented by judgments now of record in Linn county, and it cannot be possible that the present addresses of the creditors, some of whom are co-partnerships, and one at least is a corporation, may not by proper inquiry be ascertained. When these judgments were obtained, the creditors were undoubtedly represented by attorneys, through whom, if in no other way, the whereabouts of the creditors can be brought to light. It would appear that, without requiring any proof of diligence on part of the bankrupt to ascertain the residences of the

creditors, the referee assumed that the same could not be ascertained, and now rests the jurisdiction in the case on the publication of a notice in a newspaper. If such a course should be approved, it would open a wide door to the procurement of discharges in fraud of the creditors, and it cannot be approved.

By this it is not meant to intimate that a fraud was in fact intended in this case, but it is nevertheless true that, if a discharge should now be granted, the result would be that the rights of the creditors would be affected without any actual notice to them, and without it being shown that any fair effort had been made to learn their present residences, in order that the notice provided for in the statute might be sent them. Section 58 of the act requires that the creditors shall have notice by mail to their respective addresses, as they appear in the list of creditors of the bankrupt, of all meetings and of the application for discharge. The act requires the bankrupt to furnish a list of creditors and their addresses, and in cases like the present, when the bankrupt gives a list of creditors, but states that their addresses are unknown, the referee should require the addresses to be furnished, or satisfactory proof to be made that the same cannot be ascertained after due search had been made.

The proceedings taken in this case before the referee subsequent to the adjudication are therefore set aside, and the record is returned to the referee, with instructions to notify the bankrupt that she must furnish the addresses of the creditors, or prove that after diligent search and inquiry the same cannot be ascertained, and, upon this being done, then the first meeting of creditors must be called, notice thereof being given, and the same course must be pursued with respect to the petition for discharge, a day being fixed for the creditors to appear in opposition, of which notice by mail must be sent to all creditors whose addresses can be found after due inquiry.