GEORGE E. ROSS-LEWIN

*v.*

PHILIP E. GOOLD, Admr.

*Opinion filed October 24, 1904.*

1. BANKRUPTCY—*presumption is in favor of validity of judgment of district court.* The presumption is in favor of the validity of a judgment of the United States District Court in a bankruptcy proceeding, where want of jurisdiction does not appear on its face.

2. SAME—*when allegation of residence is sufficient after judgment.* An allegation in a bankruptcy petition that "petitioner has had his *principal* place of residence for the greater part of six months next immediately preceding the filing of this petition, in Chicago, within said judicial district," etc., is sufficient to sustain the jurisdiction of the court in a collateral attack on the judgment.

3. APPEALS AND ERRORS—*question cannot be first raised on appeal.* Questions of law in a trial by agreement, without a jury, which are not raised in the trial court by the submission of propositions of law or otherwise presented to the trial court for decision, cannot be raised on appeal.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

VINCENT J. WALSH, for appellant.

H. E. LUTHE, and AYERS, RINAKER & AYERS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On December 7, 1900, appellant, George E. Ross-Lewin, began an attachment suit in the superior court of Cook county against John W. Knox. The attachment affidavit alleged that Knox was indebted to plaintiff in the sum of $25,-556.72, which was the balance due upon a promissory note, and that the defendant, Knox, was a resident of the State of Colorado. To the declaration filed the defendant interposed three pleas of his discharge in bankruptcy. To these the

plaintiff filed replications denying the discharge and denying that he had notice or knowledge of the bankruptcy proceedings. Before the case was tried Knox died, and appellee, his administrator, was substituted as defendant. Upon a hearing before the court, a jury being waived, the defendant offered in evidence the record of a proceeding in bankruptcy in the United States District Court for the Northern District of Illinois, showing the filing of a petition in voluntary bankruptcy by Knox and his subsequent discharge by order of that court, to the introduction of which the plaintiff objected, upon the grounds, first, that the record showed upon its face that the bankruptcy court did not have jurisdiction to entertain the petition and grant the discharge; and second, that the discharge was irrelevant because the record did not show that the indebtedness sued on was duly scheduled or that plaintiff had notice of the proceeding. The court overruled both objections. The plaintiff submitted three propositions of law: First, that the petition in bankruptcy offered in evidence "was not sufficient to give the court in which it was filed jurisdiction to adjudicate said Knox a bankrupt and to discharge him from his indebtedness to plaintiff;" second, that the bankruptcy proceedings "introduced in this case were void for want of jurisdiction in the court which purported to entertain them, and that said Knox was not, by said proceedings, discharged from the indebtedness to the plaintiff;" and third, that Knox "was not among the category of persons authorized by the bankruptcy law to be discharged in bankruptcy by the court which purported to discharge him, and that he was not, in said bankruptcy proceedings, discharged from his indebtedness to plaintiff." The court marked each of these propositions refused and found the issues for the defendant. Motions by plaintiff for a new trial and in arrest of judgment being overruled, judgment was entered for the defendant. Plaintiff prayed and was allowed an appeal to the Appellate Court for the First District, and assigned for error the ruling of the trial court in admitting in evidence the record of the bankruptcy pro-

ceedings and its refusal to hold plaintiff's propositions of law. The Appellate Court affirmed the judgment of the superior court.

It is first insisted that the record of the bankruptcy proceedings was incompetent because it failed to show jurisdiction in the court in which it was had. The section of the statute under which the petition was filed is as follows: "That the courts of bankruptcy * * * are hereby invested * * * with such jurisdiction at law and in equity which will enable them to exercise original jurisdiction in bankruptcy proceedings to adjudge persons bankrupt who had had their principal business, resided or had their domicile within their respective territorial jurisdiction for the preceding six months, or the greater portion thereof," etc. The petition by Knox filed in the United States District Court for the Northern District of Illinois on March 19, 1900, alleged "that petitioner has had his principal place of residence for the greater portion of six months next immediately preceding the filing of this petition, in Chicago, within said judicial district," etc. It is insisted that the allegation of residence of the petitioner is not sufficient, under the foregoing statute, to give the court jurisdiction. The petition in that regard is not skillfully drawn, but we think the language "principal place of residence" is sufficient, in substance, at least, to give the court jurisdiction. "Principal place of residence" means place of residence. A person cannot, legally speaking, have two places of residence, and the word "principal," here used, may be properly treated as surplusage. But even if the allegation of the petition was not technically sufficient, appellant could not take advantage of that defect in this collateral proceeding. Although the United States District Court is a court of limited jurisdiction, in the exercise of that jurisdiction all of its acts, records and proceedings are entitled, in the first instance, to the same faith and credit as the judgments of other courts. The presumption is in favor of the validity of the judgment where the entire want of jurisdiction does not appear on its face.

It is insisted by appellant that the United States District Court in bankruptcy exercises jurisdiction conferred by statute, and its jurisdiction is therefore special, limited and inferior, in the sense that there is no presumption in favor of jurisdiction. This we do not understand to be the law. In the case of *McCormick* v. *Sullivant,* 10 Wheat. 199, it was held by the Supreme Court that the decree of the United States Circuit Court could not be impeached for want of jurisdiction where the record of the case upon which the decree was based did not allege or show diverse citizenship. It was there said: "The reason assigned by the replication why the decree can not operate as a bar is, that the proceedings in that suit did not show that the parties were citizens of different States, and that in consequence the suit was *coram non judice* and that the decree was void. But this reason proceeds upon an incorrect view of the character and jurisdiction of the inferior courts of the United States. They are all of limited jurisdiction, but they are not on that account inferior courts in the technical sense of those words, whose judgments, taken alone, are to be disregarded. If the jurisdiction be not alleged in the proceedings, the judgment is erroneous, and may, upon a writ of error or appeal, be reversed for that cause, but they are not absolute nullities." And so in this case, the judgment of the district court, though based upon a defective petition, is not a nullity which can be questioned or disregarded.

The statute of the United States confers jurisdiction upon the district courts to adjudge persons bankrupt who have resided within their respective territorial jurisdiction for the preceding six months, or the greater portion thereof. The petition in this case attempts to bring the petitioner within that provision as to his residence, and even though it did not sufficiently do so, the court proceeded to hear the cause and adjudge the petitioner a bankrupt and discharge him. In the absence of proof to the contrary in this collateral proceeding, we will presume that the court heard evidence establishing the residence of the petitioner, as required by the statute.

The presumption is in favor of the validity of the judgment, and while it remains unreversed it is valid and binding upon the parties.

Nor do we think the position that the indebtedness to the plaintiff was not discharged because it was not duly scheduled and that the plaintiff had no notice or knowledge of the bankruptcy proceeding, tenable. It is set up in the defendant's pleas that the indebtedness sued upon, at the time it was contracted, and ever since, was due the First National Bank of Denver, and that the plaintiff was only the nominal holder of the note evidencing that indebtedness, as cashier and agent of the bank, and held the same for its use and benefit. These allegations were not denied by the plaintiff in his replications, but the contention is, that because the nominal creditor,— that is, the cashier of the bank,—was not named in the schedule the defendant was not discharged from that indebtedness. Under the issues the record of the bankruptcy proceeding, which tended to show that the debt was scheduled as due and owing the First National Bank of Denver and that it was duly notified of the proceeding, was clearly competent. The evidence also tends to prove personal knowledge by the plaintiff of that proceeding and the attempt to schedule that indebtedness. We think that the debt was properly scheduled as due and owing to the real owner of the same,—the bank,—and that notice to it was sufficient. But if the plaintiff desired to raise the legal question whether such scheduling and notice were sufficient, as a matter of law, to bind the plaintiff, the nominal holder of the note, he should have done so by submitting to the court proper propositions of law as applicable to the case and procured its ruling upon that question. The propositions submitted and refused in no way raise that issue, and under the well settled rules of practice adopted by this court, the question cannot be raised upon appeal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*