James M. KING, Plaintiff,

v.

Wade L. HARRY, Defendant.

Civ. A. No. 718–53.

United States District Court
District of Columbia.

Feb. 11, 1955.

Paul J. Kasloff, Washington, D. C., for plaintiff.

Milton Conn, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Plaintiff seeks to recover on a judgment obtained in Maryland, April 10, 1950, in an automobile negligence action in the sum of $13,000, with interest and costs. Defendant admits the Maryland judgment but avers that since it was properly scheduled in his bankruptcy petition of August 1, 1950, in the District of Columbia, as to which he received a discharge on November 7, 1950, he no longer is indebted to the plaintiff.

This case involves application of Section 7, sub. a(8), which places upon the bankrupt the duty of preparing and filing schedules of his assets, the names of his creditors and their correct residences, and Section 17, sub. a(3) of the National Bankruptcy Act which excepts from the operation of a discharge all provable debts which have not been properly scheduled.[1]

---

[1]. Section 7, sub. a(8) of the National Bankruptcy Act, U.S.C.A., Title 11, Chap. 3, Sec. 25, provides in pertinent part that for a debt to be duly scheduled, the bankrupt should include in his schedule:

"* * * a list of all his creditors, * * * showing their residences or places of business, if known, or if unknown that fact to be stated, the amount due to or claimed by each of them, the consideration thereof, the security held by them, if any, * * *".

Section 17, sub. a(3), U.S.C.A., Title 11, Chap. 3, Sec. 35, provides in pertinent part that:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *

Plaintiff listed his address as Clinton, Maryland, on his declaration (complaint) in the Maryland suit, but here maintains that he testified during the course of the Maryland trial that his address had been changed and, in fact, was 1100 W Street, S. E., Washington, D. C.; that he testified as to this changed address in open court in the presence of defendant and his then attorney.

In his petition for bankruptcy in the District of Columbia, defendant listed plaintiff's address as Clinton, Maryland, to which address the Referee in Bankruptcy sent timely notices. While notice of the bankruptcy proceeding was never received by plaintiff, no notice sent to plaintiff at the Clinton, Maryland, address was returned to the Referee for want of a better address. Until defendant asserted the bankruptcy discharge as a defense to enforcement of the Maryland judgment in the present case, plaintiff had no actual knowledge of the bankruptcy proceedings. Plaintiff contends that his debt was not duly scheduled in the bankruptcy proceeding by reason of the incorrect address; that the bankrupt having failed to exercise proper care and diligence in specifying the correct address in his schedules, the debt on the Maryland judgment has not been discharged.

Defendant contends, to the contrary, that the debt was duly scheduled and therefore discharged since defendant had the right to, and did, rely upon the address plaintiff had placed upon the official record of the Maryland suit; that plaintiff is estopped from claiming the debt was not duly scheduled, since the address of Clinton, Maryland was incorrect at the time the Maryland action was instituted, plaintiff having already moved to the District of Columbia without leaving a forwarding address; that there being no assertion of fraud or dishonesty by defendant, but at the very most neglect, the Court should, in line with the policy of the Bankruptcy Act to enable a bankrupt to get a fresh start, discharge the debt growing out of the Maryland judgment.

■ There was a conflict in the testimony as to whether plaintiff testified about his changed address during the Maryland trial. The Court is satisfied, and finds, that plaintiff did so testify; that it was done in the presence of defendant and his then lawyer; that defendant, disregarding this testimony, listed plaintiff's address in the bankruptcy schedule as it appeared on the face of the Maryland declaration; that plaintiff had no notice or actual knowledge of the bankruptcy proceeding.

■■ A discharge in bankruptcy is a privilege. It is not a one-way street. The bankrupt has certain obligations to fulfill and his creditors, already losers, are at least entitled to notice before their property is taken, in the absence of some good and sufficient explanation to the contrary. Lundy v. Skinner, 1935, 220 Iowa 831, 263 N.W. 520, Tyrrel v. Hammerstein, 1900, 33 Misc. 505, 67 N.Y.S. 717, 719. For this reason, and for the reason that the sections of the Act requiring correct scheduling are for the benefit of the creditors and not the debtor, a bankrupt must exercise great care to schedule his assets and names and addresses of . . . his creditors properly. Van Denburgh v. Goodfellow, 1941, 19 Cal.2d 217, 120 P.2d 20, McGehee v. Brookins, Tex.Civ.App., 1940, 140 S.W.2d 963, Birkett v. Columbia Bank, 1904, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231, 1 Collier on Bankruptcy, 14th Ed. pp. 1633, 1634.

■■ At the same time the thrust of the Bankruptcy Act is to aid one who has fallen upon hard times so that small technicalities and mere irregularities in the schedules should not be determinative in barring a discharge. It is too much to ask that the bankrupt be held to insure the absolute accuracy of the schedule. A schedule which lists a credi-

(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * * *".

tor's address, even though incorrectly, is *prima facie* sufficient for the purpose of a discharge and the creditor has the burden to show that his particular debt should not be discharged, although the very presence of factual error is enough to put the bankrupt to his defense to show to the Court what efforts he made to assure its accuracy. See Kreitlein v. Ferger, 1915, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184.

Satisfactory performance must depend upon the particular facts of each case. No fixed rule of law can be laid down as the unyielding standard of adequate compliance. The Court is fully aware that schedules are often hurriedly prepared, and as often, considerably after the date of the transaction out of which the debt arose, at a time when papers and memories do not always furnish a satisfactory record of such detail as the precise residence of every creditor. Yet under the facts of this case, where defendant did have actual notice of plaintiff's correct address less than four months before filing his petition in bankruptcy and yet failed to schedule it, this Court cannot find plaintiff's debt duly scheduled. It would encourage careless behavior and deprive creditors of whatever benefit may accrue to proper notification of pending bankruptcy of their debtors.

The Court believes that as a minimum:

"To be discharged in bankruptcy from a debt a petitioning bankrupt must exercise due and reasonable diligence to ascertain and properly schedule his creditor * * *". Ashbaugh v. Belanger, E.D.Mich.S. D.1941, 39 F.Supp. 401, 404.

Plaintiff has established that such care and diligence was not exercised by defendant. It appears that defendant made no effort to ascertain the correct address, but merely copied the one found on the Maryland declaration. It is not too much to demand, under the circumstances of this case, that the debtor remember, if not the exact address given by plaintiff at the trial in the Maryland case, the fact that plaintiff testified as to having moved so that the address on the declaration had been changed and was no longer reliable. If then the debtor could not remember the precise new address, and was unable to find it after exercising reasonable diligence, he should have stated the address as "unknown" as well as his efforts to discover the residence. In re Dvorak, D.C.Iowa 1901, 107 F. 76. Having listed an inaccurate address, and having failed to do more, defendant failed to duly schedule his debt. The Maryland judgment has not been discharged.

Upon the oral arguments and written briefs and upon all the evidence presented and filed here, the Court is of the opinion that the debt owed plaintiff arising out of the Maryland judgment has not been discharged in bankruptcy and is hereby enforced in the sum of $13,000, with interest thereon from April 10, 1950, plus $17.50 costs.

Counsel will prepare an order consistent with these findings.