**In re Christopher Dwayne VEGA and Charlotte Marie Vega, Debtors.**

**Bankruptcy No. Bk–80–00826.**

United States Bankruptcy Court,
W. D. Oklahoma.

Nov. 5, 1981.

Robert A. Forbes, Jr., Midwest City, Okl., for debtors.

W. J. Winterstein, Jr., Oklahoma City, Okl., for Deaconess Hospital and Miller and Dollarhide, formerly Miller and Spencer.

## MEMORANDUM ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

On May 18, 1981 the debtors made application to the court to reopen the bankruptcy proceeding to add creditors inadvertently omitted. After notice and hearing the court denied debtors' right to amend and include creditors Deaconess Hospital and attorney W. J. Winterstein. Thereafter the debtors moved to vacate the court's overruling the debtors' request to add creditors by amendment and also put in issue the debt dischargeability of the two creditors, Deaconess Hospital and its attorney, Mr. Winterstein. After notice and hearing, both sides submitted briefs on the dischargeability issues.

### ISSUES

1) Must a regularly scheduled creditor receive actual notice of the bankruptcy proceeding to discharge such debt under U.S.C. § 523(a)(3)(A)?

2) Where a creditor is granted judgment including an attorney fee "for the use and benefit of its attorneys" do such attorneys need to be individually scheduled in the bankruptcy proceeding to bring about the discharge of the attorney fee obligation?

### FACTS

1) On July 6, 1978, creditor Deaconess Hospital obtained a default judgment against the debtors including attorney fee and costs. By agreement of the parties, said *Journal Entry of Judgment of Deaconess Hospital v. Chris D. Vega and Charlotte M. Vega*, CSC–78–3667 in the District Court of Oklahoma County, dated July 6, 1978, was submitted to this court. Said judgment states in part:

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff (Deaconess Hospital) have judgment against the Defendants (The Vegas) in the amount of $1,817.28, together with interest thereon from the date of this judgment, and that Plaintiff have judgment for an attorney fee for the use and benefit of its attorneys, Miller & Spencer, for $450.00. . . ."

2) On April 30, 1980, the debtors filed their petition in bankruptcy including on Schedule A–3 (as to unsecured creditors):

> "7. Deaconess Hospital          $1817.28"
>     5501 N. Portland
>     Oklahoma City, Oklahoma 73112

3) On May 14, 1980, the Bankruptcy Deputy Clerk mailed notice of this case's filing

and the Section 341 Meeting of Creditors to all scheduled creditors and filed her certificate of mailing.

## LAW

1) 11 U.S.C. § 523(a)(3)(A) provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

"(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

"(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing . . ."

2) Code Official Form No. 6 as to Schedule A–3 dealing with creditors having unsecured claims without priority mandates: "Name of creditor . . . complete mailing address including zip code [if unknown, so state]"

3) Under both the former Act and the new Code, absent creditor "actual knowledge of the (bankruptcy) case" in time to meaningfully participate therein, no debt is discharged unless "duly scheduled".

■ 4) Although the debtor must exercise meticulous care in preparing schedules [*Coller v. Harmon*, 227 A.2d 385 (D.C.App. 1967)] scheduling adequacy is tested case by case. For example, the listing of a creditor by an initial instead of by his Christian name, was sufficient compliance with scheduling requirements to discharge debt. *Kreitlein v. Ferger*, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184 (1915).

■ 5) It was a fraud to state a creditor's address as unknown when in fact it was known to the bankrupt. *Miller v. Guasti*, 226 U.S. 170, 33 S.Ct. 49, 57 L.Ed. 173 (1912). And the debtor must exercise due diligence to try to obtain a correct mailing address. *Ward v. Meyers*, 578 S.W.2d 570 (Ark.1979). Accord *In re Gelman*, 5 B.R. 230 (Bkrtcy.S.D.Fla.1980);

*King v. Harry*, 131 F.Supp. 252 (D.D.C. 1955). Interestingly, where ignorant of creditor's location, the debtor is required to so state in his sworn listings as distinguished from giving some other address with whom said creditor had dealings. *A & M Records, Inc. v. M.V.C. Distributing Corp.*, 471 F.Supp. 980 (D.C.Mich.1979).

Additional cases on address sufficiency include: *Little Neck Investors v. Kurzius*, 88 N.Y.S.2d 707, aff'd 92 N.Y.S.2d 312 (1949); *Chevron Oil Co. v. Dobie*, 389 N.Y. S.2d 819, 40 N.Y.2d 712, 358 N.E.2d 502 (1976).

■ 6) Significantly, if the debt is duly scheduled the creditor is charged with constructive notice even though he may have failed to receive the mailed written notice. *Dill v. Hamilton*, 73 Cal.App.2d 881, 167 P.2d 497 (Cal.App.1946). Accord *Sline v. Layden*, 91 S.W.2d 983 (Tex.Civ.App.1928); *Kelly v. Roitsch*, 7 S.W.2d 686, 12 Am.Bk. Rep.N.S. 406 (1928).

## CONCLUSION

■ Creditor Deaconess Hospital was "duly scheduled" within the meaning of bankruptcy law requirements and its debt as such is discharged even absent actual receipt of mailed notice from the bankruptcy court.

■ Although the firm of attorneys was not separately listed on the A–3 schedule, the operative words of the state court order are that: "Plaintiff (Deaconess) have judgment for an attorney fee for the use and benefit of its attorneys . . ." Thus creditor Deaconess was in reality awarded the judgment for attorneys fee. The attorneys were not creditors as such entitled to separate notice. Compare *Ross-Lewin v. Goold*, 211 Ill. 384, 71 N.E. 1028 (1904) where debt due to a bank was correctly listed in the bank's name but no schedule reference was made to the bank's cashier, the nominal note holder of the debt in question. Moreover, mere discrepancy in the amount of the debt does not affect the debts discharge. *Chevron Oil Co. v. Dobie*, supra.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED:

The debt owing Deaconess Hospital for $1817.28 including attorneys fee to Miller & Spencer for $450.00 is hereby discharged.