**In re William G. GRIFFIN and Janet L. Griffin, Debtors.**

**Bankruptcy No. 281–02752–D–7.**

United States Bankruptcy Court, E.D. California.

July 26, 1983.

David R. Hammer, Weaverville, Cal., for creditors.

W. Bradley Holmes, Sacramento, Cal., for debtors.

### MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

### FACTS

William G. Griffin and Janet L. Griffin (hereinafter debtors) filed a joint petition in

bankruptcy on July 28, 1981, and obtained a discharge from this Court on April 23, 1982. Fred R. Carrier and Betty L. Carrier (hereinafter creditors) whose claim was discharged on April 23, 1982, now come before this court seeking an extension to file a "complaint to determine dischargeability." Creditors allege that debtors had actual knowledge of creditors' recent relocation and change of address. Nonetheless, they listed creditors' prior address on their bankruptcy schedules. Creditors claim they never received actual notice of debtors' bankruptcy petition and subsequent discharge until July 1982. Creditors contend, therefore, that debtors breached their duty to properly schedule creditors, thus justifying an extension in which to file an adversary proceeding seeking to obtain a judgment of nondischargeability of their debt.

Janet Griffin answers that she obtained creditors' address from her deceased husband's real estate file which only listed the creditors' prior address in San Jose. There existed no papers in the file indicating that the creditors had moved to Redding.

## ISSUES

What standard of care must debtors meet in preparing the list of creditors? Did debtors breach this standard of care by listing creditors' former address in their bankruptcy creditor schedules, thus justifying an extension of time in which to file this complaint?

## ANALYSIS

The courts have reasoned that since a discharge from bankruptcy is a privilege, not a right, creditors are entitled "to notice before their property is taken, in the absence of some good and sufficient explanation to the contrary" (*King v. Harry*, 131 F.Supp. 252 (D.D.C.1951)). For the purpose of bankruptcy, since Congress has legislated that the only notice to creditors is to be sent through the mail, the courts have held that debtor must exercise *at least* due care and reasonable diligence in scheduling creditors' names while some courts require that the debtor use "great care" (*Id.* at 254). The

courts are also aware, however, that the goals of bankruptcy are to "aid one who has fallen upon hard times" (*Id.* at 254) and to "give the debtor a new opportunity in life and a clear field for future effort, unhampered by the pressure of pre-existing debt" (*Lines v. Frederick,* 400 U.S. 18, 19, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970)).

This Court believes that the two principles espoused above must be balanced to support the spirit of bankruptcy and finality of judgments on the one hand, while being careful not to encourage careless scheduling which deprives creditors of their due process rights.

Thus, when a court is faced with a situation where a debtor listed a creditor in his schedule, yet the creditor never received actual notice due to a prior change of address, the Court must decide which party should shoulder the burden. In the case at bar, as in *King, supra,* there is a dispute as to whether one of the debtors had notice of the creditors' new mailing address. If one of the debtors can properly be charged with notice of the creditors' new address, then he should bear the burden of the creditor never being informed of the bankruptcy proceedings since he had a duty to supplement his records and include the new address in the schedules. On the other hand, if the creditor never apprised the debtor of his new address, then the debtor has not breached his duty to the creditor and should not be held to bear the risk of the creditor not being informed.

This Court cannot conceive of any reason that would motivate these debtors to list a creditor in their bankruptcy schedules with an address known to be incorrect. To do so only creates the very type of motions and hearings as are with us in this submitted matter. The debtors had more to gain by listing the Carriers at their correct address, if they had known it, than a former address.

The only way to logically explain the listing is that the Griffins did not know of their move to Redding and believed them to still reside in San Jose.

Accordingly, the motion of creditors seeking an extension to file a complaint to determine dischargeability must be denied and the creditors must be held to have been discharged by the Order of Discharge heretofore entered herein.

This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law and counsel for debtors is requested to prepare and submit an Order consistent herewith.