**In re Christiane F. MANDUKICH a/k/a Christiane F. Luetzow, Debtor.**

**Bankruptcy No. 85 B 11047 (HCB).**

United States Bankruptcy Court, S.D. New York.

June 22, 1988.

Gainsburg, Greene, & Hirsch, Purchase, N.Y., for debtor; Neil Berger, of counsel.

Ridley M. Whitaker, New York City, for Cowanlite Trading Co.

## DECISION AND ORDER

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

Cowanlite Trading Co., Ltd. ("Cowanlite"), a foreign corporation and a creditor of the Debtor, seeks an order reopening the Bankruptcy Proceeding of Christiane Luetzow in order to assert that its claims against the Debtor are non-dischargeable pursuant to 11 U.S.C. § 523(a). Cowanlite asserts that: (i) it did not receive notice provided by Bankruptcy Rule 4007(c); (ii) the notice provided by Bankruptcy Rule 4007(c) should have been given pursuant to The Convention on the Service Abroad of Judicial and Extra–Judicial Documents in Civil or Commercial Matters ("the Hague Convention"), rather than pursuant to Bankruptcy Rules 2002(a) and 2002(f); (iii) that the Debtor's automatic stay and discharge do not constitute any bar to sanctions imposed by the United States District Court.

### I.

The following undisputed facts provide a brief history of this case. On June 25, 1985, Christiane F. Luetzow ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In Schedule A–3 of the Petition, pursuant to 11 U.S.C. § 521, the Debtor listed a claim in the amount of $88,134.30, owed to Cowanlite. Pursuant to Bankruptcy Rules 2002(a) and 2002(f), the Bankruptcy Court Clerk then mailed the "Order for Meeting of Creditors, combined with notice thereof and of Automatic Stay" ("Notice") to Cowanlite and other creditors. In compliance with Bankruptcy Rule 4007(c), the Notice stated in bold face:

OCTOBER 15, 1985 IS FIXED AS THE LAST DAY FOR THE FILING OF OB-JECTIONS TO THE DISCHARGE OF THE DEBTOR.

OCTOBER 15, 1985 IS FIXED AS THE LAST DAY FOR THE FILING OF A COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF ANY DEBT PURSUANT TO 11 U.S.C. SECTION 523(C). IF NO COMPLAINT TO DE-TERMINE THE DISCHARGEABILITY OF A DEBT UNDER CLAUSE 2, 4, OR 6 OF 11 U.S.C. SECTION 523(A) IS FILED ON OR BEFORE OCTOBER 15, 1985, THE DEBT MAY BE DIS-CHARGED.

The Clerk mailed a second notice to Cowanlite and other creditors on July 3, 1985, stating a new meeting date for the 11 U.S.C. § 341 meeting and that a new trustee had been named. Examination of the file reveals that neither mailing was returned to the Clerk on account of being insufficiently addressed or for any other reason. Neither does Cowanlite contend that the Notice was sent to an incorrect address.

No objection to debtor's discharge and no complaint objecting to the dischargeability of a debt under 11 U.S.C. § 523(a)(2), (4) or (6) was filed. Accordingly, on November 7, 1985, the Debtor was granted a discharge of scheduled claims pursuant to Section 727 of the Bankruptcy Code, 11 U.S.C. § 727. The discharge includes the fraud claims asserted against the Debtor by Cowanlite. Thereafter, on November 20, 1985, Luetzow's bankruptcy case was closed pursuant to Section 350(a) of the Bankruptcy Code. 11 U.S.C. § 350(a).

On April 26, 1984, prior to the filing of the Debtor's bankruptcy petition, Cowanlite commenced an action in the United States District Court, Southern District of New York, asserting claims against the Debtor, Ivan S. Mandukich and Manuela, Inc. Apparently, Manuela and Ivan S. Mandukich, the other defendants in the District Court action, filed bankruptcy petitions in 1985. Cowanlite continued to prosecute its claims against the Debtor until June 1985 when she filed her petition. Thereafter, the District Court action lay

dormant until revived by the District Court in May 1987. At a pre-motion conference on or around June 5, 1987, it appears that Cowanlite was informed that continuation of the District Court Action violated Luetzow's discharge pursuant to Section 524 of the Bankruptcy Code. The District Court directed Cowanlite to resolve the matter with an appropriate motion. Cowanlite did not comply with this direction until December 16, 1987, when it filed a motion in that Court seeking sanctions and judgment against Luetzow pursuant to Rules 37 and 43 of the Federal Rules of Civil Procedure. The District Court denied the motion on January 25, 1988, finding that the continuation of the action was stayed and violated the Debtor's discharge. The District Court further ordered that the Action should be dismissed for want of prosecution unless Cowanlite filed a motion in this Court on or before March 21, 1988, pursuant to 11 U.S. C. § 350 and Rule 5010 of the Rules of Bankruptcy Procedure, to reopen the bankruptcy case for cause.

On March 21, 1988, Plaintiff filed a motion with this Court requesting that the Court reopen the Debtor's bankruptcy case. In support of Cowanlite's contention that it had never received the Notice and thus had never learned of the Leutzow bankruptcy case, Cowanlite submitted an unsworn telex, attached as an exhibit, to its attorney's affidavit. The telex, dated August 7, 1986, stated:

RE MANUELA NOTIFICATION CONCERNING BANKRUPTCY:—WE NEVER RECEIVE LETTER OF ABOVE CONTENT. BUT C. LEUTZOW'S [sic] LETTER ADVISED AS THAT LESCO WERE NO LONGER EXSIST. [sic]. C. LEUTZOW'S [sic] LETTER ALREADY SENT SHOULD BE IN YOUR FILE.

The motions were heard on May 10, 1988. At the hearing, Cowanlite did not demand an evidentiary hearing, presumably because the author of the telex was located in Hong Kong. It did, however, ask for leave to file a response to the Debtor's assertion that Cowanlite's contention of non-dischargeability of its claim is frivolous (Tr. p. 17). Permission to file additional papers was granted but limited to the issue of dischargeability (Tr. pp. 17–18). Nevertheless, Cowanlite submitted a second unsworn telex in support of its position that it never received the Notice. That telex, dated May 16, 1988, parrotted a telex of its counsel stating that he believed that Cowanlite had not received notice of Christiane Luetzow's bankruptcy.

## II.

It is well established that "when mail is properly addressed, stamped, and deposited, there is a rebuttable presumption that it was received by the party to whom it was sent." *In re Robintech, Inc.,* 69 B.R. 663, 665 (Bankr.N.D.Tex.1987); *see also In re Figueroa.,* 33 B.R. 298, 302 (Bankr.S.D.N.Y.1983); *In re American Props., Inc.,* 30 B.R. 247, 250 (Bankr.D. Kans.1983).[1] The two telexes submitted by the movant hardly rebut that presumption. The telex of August 7, 1986, upon which the motion is grounded, does not even refer to the instant bankruptcy proceeding. Secondly, the telexes and their substance are not sworn to or contained in affidavit form. Although the first telex is attached to an attorney's affidavit, the attorney does not purport to have personal knowledge of his client's receipt of mail. The second telex, even were its unauthorized submission after the hearing to be permitted, is not even contained in an attorney's affidavit. Rule 13 of the Local Rules of this Court contemplate that motions are to be made only on the basis of memoranda of law, supporting affidavits and, where the motion is for summary judgment, depositions and answers to interrogatories. The telexes presented here thus are unworthy of consideration and simply do not constitute sufficient grounds for vacating Luetzow's discharge or for sparing the expense of reopening this bankruptcy case. *Cf. In re*

---

1. The file contains a statement by the clerk's office that the Notice was properly addressed, stamped and deposited in the mail. Cowanlite admits that the Notice was sent "substantially" to its address in Hong Kong (Tr. p. 8). Cowanlite also does not claim that the Notice should have been sent to its attorneys in the previously filed District Court Action.

*Borer,* 73 B.R. 29, 31 (Bankr.N.D.Ohio 1987).

## III.

■ Cowanlite's argument that Articles 18, 6, 10(b) and (c), 15 (second paragraph), and 5 (third paragraph) of the Hague Convention prohibit use of the mail to transmit judicial documents such as bankruptcy court notices is also without merit. Service by mail of an "Order for Meeting of Creditors combined with Notice therof and of Automatic Stay" and of "the time fixed for filing a complaint to determine dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007"—the form of service in this case—does not constitute service of process, the form of service referred to in the aforementioned Articles. Direct Service of Notice by mail is acceptable under both Bankruptcy Rules 2002(a) and 2002(f) *and* under the Hague Convention. Bankruptcy Rules 2002(a) and 2002(f) provide that Notice may be sent by mail. Similarly, the Hague Convention, in Article 10, states, "Provided the State of destination does not object, the present Convention shall not interfere with—(a) the freedom to send judicial documents, by postal channels, directly to persons abroad." Cowanlite admits that The Commonwealth of Hong Kong has not objected to this provision (Tr. p. 15).

In *Pochop v. Toyota Motor Co., Ltd.,* 111 F.R.D. 464, 466 (S.D.Miss.1986) the court, following *Mommsen v. Toro Co.,* 108 F.R.D. 444 (S.D.Iowa 1985) distinguished the 'sending' of a judicial document from the 'service' of judicial process and held that service of process by mail was not permitted. In *Mommsen v. Toro Co.,* however, the court noted that Article 10(a) of the Hague Convention permits the sending of judicial document by direct mail. Here, the notice sent does not constitute process, but merely is intended to provide creditors with notice of certain time periods provided by law. *See, e.g., In re Stucka,* 77 B.R. 777, 781 (Bankr.C.D.Cal.1987) (notice of auto-

matic stay resulting from the filing of a bankruptcy case does not depend upon service in the manner of a summons and complaint).

In *Rissew v. Yamaha Motor Co., Ltd.,* 129 A.D.2d 94, 96, 515 N.Y.S.2d 352, 354 (1987), the court even permitted service of process by mail. There, the Plaintiff, pursuant to Section 307 of the Business Corporation Law, mailed a complaint and summons to a creditor in Japan and the creditor, as in the case at bar, claimed lack of personal jurisdiction based upon defective service. Despite that claim, the court, there, held that service by mail was sufficient to obtain jurisdiction over foreign corporations under Article (10)(a) of the Hague Convention, 515 N.Y.S.2d at 353; *see also Newport Components, Inc. v. Nec Home Elecs. (U.S.A.), Inc.,* 671 F.Supp. 1525 (C.D.Cal.1987).

*Harris v. Browning–Ferris Indus. Chem. Servs., Inc.,* 100 F.R.D. 775, 777 (M.D.La.1984), *aff'd,* 806 F.2d 259 (5th Cir. 1986), relied on by Cowanlite, is not to the contrary. There, service of process was made by mail on a party in West Germany. Unlike Hong Kong, West Germany has explicitly objected to Article 10(a). It requires that service go through central authorities and that all documents be translated into German. Since Hong Kong has not objected, Article 10(a) remains fully in effect. Its provisions, permitting the mailing of the Notice directly to persons abroad, thus apply.[2]

## IV.

With it plainly apparent that the Notice was properly sent to Cowanlite and with Cowanlite having failed to raise a cognizable claim of lack of notice or having made a showing rebutting the presumption of receipt, Cowanlite's assertion that its fraud claims are non-dischargeable under § 523 of the Bankruptcy Code is therefore without merit. If the claims are cognizable under § 523(a), which is highly doubtful, they fall under §§ 523(a)(2) or (4). As

**2.** At the hearing, Cowanlite asserted that compliance with Article 10(a) with respect to a judicial document requires use of registered mail. No

case cited to us has so interpreted Article 10(a). That article merely refers to postal channels.

such, they are time barred under § 523(c) and Rule 4007(c). Section 523(c) provides that such claims are discharged unless the Court determines otherwise. Rule 4007(c) requires that a complaint seeking a determination of non-dischargeability be filed within 60 days from the 11 U.S.C. § 341 meeting unless the court, on motion, grants an extension. The rule further provides that the motion for an extension of time to file a complaint under Code § 523(c) must be made before the sixty day deadline has expired. Thus, it is clear that it is the creditor's responsibility to protect its own claim and inquire about any proceedings affecting its claim. The Advisory Committee Note pertaining to Bankruptcy Rule 4007(c), moreover, provides that "[i]f a complaint is not timely filed, the debt is discharged." *See Lompa v. Price (In re Price)*, 79 B.R. 888, 892 (Bankr. 9th Cir. 1987).

In response, Cowanlite contends that the Debtor scheduled only one of Cowanlite's five claims in the District Court action, and that all its claims are, thus, non-dischargeable pursuant to § 523(a)(3). This contention is of no consequence. Christiane Luetzow, in scheduling a claim owed to Cowanlite for $88,134.30, thereby enabled Cowanlite to be given notice of the bankruptcy proceeding by the court clerk. As long as a creditor is named in the Debtor's initial schedule, as Cowanlite was, the creditor is then presumed to be responsible for ascertaining specific debts for which it is owed. *See Chevron Oil Co. v. Dobie*, 40 N.Y.2d 712, 716, 389 N.Y.S.2d 819, 822, 358 N.E.2d 502, 505 (1976) ("[t]here is no requirement that the creditor be made aware of any particular debt"); *see also In re Vega*, 15 B.R. 174, 176 (Bankr.W.D.Okla. 1981) ("... discrepancy in the amount of the debt does not effect the debt's discharge").

Cowanlite's remaining argument is also erroneous. Its assertion that the discharge and automatic stay do not effect its claim for sanctions is frivolous and was already decided adversely to it by the District Court.

For the foregoing reasons, Cowanlite's motion to reopen this bankruptcy proceeding in order to contest the dischargeability of its claims against the debtor must be and hereby is denied.

It is SO ORDERED.