GENERAL COLLECTIONS, INC.,
Plaintiff–Appellant,

v.

Helen J. STEWARD,
Defendant–Appellee.

No. 02A03–8810–CV–329.

Court of Appeals of Indiana,
Third District.

June 19, 1989.

Frank A. Webster, Fort Wayne, for plaintiff-appellant.

HOFFMAN, Judge.

Plaintiff-appellant General Collections, Inc. appeals the trial court's judgment vacating and setting aside the garnishment order and ordering the return of all monies collected under said garnishment order.

The facts relevant to this case disclose that the original action, a complaint on a promissory note, was brought by Business Revenue Systems of America, Inc. d/b/a General Collections, Inc., plaintiff, against Helen J. Steward, defendant. The promissory note had been executed to take care of Steward's obligation to Parkview Memorial Hospital. A consent to judgment and consent to garnishment order was entered into by Steward and Edward C. Stauffer, attorney for Business Revenue Systems of America, Inc. d/b/a General Collections, Inc. on March 11, 1981. No deductions from Steward's pay were done.

Steward filed for bankruptcy in October 1984 listing Business Revenue Systems as an unsecured creditor using the correct address and claim amount. She was granted discharge.

In September 1982, Business Revenue Systems and General Collections separated and General Collections was reincorporated as a separate entity.

In September 1987, a proceedings supplemental was issued to Steward's employer by Frank Webster, attorney for General Collections, Inc. In October 1987, a garnishment order was issued. Steward filed a motion to dismiss the garnishment order and for a refund of the amount garnished. The trial court granted Steward's motion.

General Collections presents the following issue for review: whether the trial court erred in granting Steward's motion by determining that the garnishment order was and is a nullity.

Where the grounds for dismissal are not stated in the trial court's entry of judgment, the appellate court must assume that all grounds stated by the moving party supported dismissal. *Ind. & Mich. Elec. Co. v. Terre Haute Indus.* (1984), Ind.App., 467 N.E.2d 37, 40.

The standard of review for a motion to dismiss is the same as for a motion for summary judgment, *i.e.*, whether the trial court erred in its application of law. *Ind. & Mich. Elec. Co., supra*, 467 N.E.2d at 42.

General Collections contends that Steward failed to properly schedule her debt owed to it. It argues that this debt could not have been discharged since it never received notice of the bankruptcy proceeding and that it should be entitled to proceed with the garnishment order.

The Bankruptcy Code, Section 521, entitled "Debtor's Duties" states that the debtor shall:

"(1) file a list of creditors and, unless the Court orders otherwise, a schedule of assets and liabilities, a schedule of current income and expenditures and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1) (1981).

Section 523, entitled "Exceptions to Discharge" provides:

"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1338(b) of the title

does not discharge any individual debtor from any debt—

\* \* \* \* \* \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditors to whom such debt is owed, in time to permit—

> (A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim unless such creditor had notice or actual knowledge of the case in time for such timely filing; or...." 11 U.S.C. § 523(a)(3)(A) (1981).

The court in *In re Vega* (W.D.Ok.1981) 15 B.R. 174, considered the issue of whether a debt was duly scheduled. The court looked to the Code sections above cited and also to Code Official Form No. 6. This form deals with Schedule A–3, creditors having unsecured claims without priority, and mandates: "Name of creditor ... complete mailing address including zip code [if unknown, so state]." Under the Bankruptcy Code, absent creditor "actual knowledge of the [bankruptcy] case" in time to meaningfully participate therein, no debt is discharged unless "duly scheduled." *In re Vega, supra*, 15 B.R. at 176.

The court said that although the debtor must exercise meticulous care in preparing schedules, scheduling adequacy is tested case by case. The debtor must use due diligence to try to obtain a correct mailing address. *In re Vega, supra*, 15 B.R. at 176; *Ward v. Meyers* (1979), 265 Ark. 448, 578 S.W.2d 570.

In Steward's statement in support of motion to dismiss garnishment order and in her memorandum in rebuttal to motion to correct errors, she states that she was never notified nor aware of the dissolution and change of name and address of the plaintiff. General Collections has neither alleged nor shown that Steward knew of the change of name and address of plaintiff.

Steward did exercise meticulous care and due diligence in preparing the schedule. She listed the name of the corporation-creditor who brought the original suit on the promissory note and who obtained the judgment against her. She listed the correct address of the judgment creditor, which address remains current, the correct claim amount, and a thorough description of the claim.

There is no evidence that Steward acted with fraudulent intent or wrongful motive. The debt was duly scheduled and discharged so that the garnishment order was and is a nullity. The trial court correctly vacated and set aside the garnishment order and ordered a refund of all monies taken by General Collections, Inc.

Affirmed.

STATON and CHEZEM, JJ., concur.