Juanita SHORE, Claimant–Respondent,

v.

ULTIMATE HAIR AND SKIN CARE, Employer–Appellant.

No. 62125.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1993.

Douglas L. Levine, Ferguson, for employer-appellant.

Nile D. Griffiths, St. Louis, for claimant-respondent.

STEPHAN, Judge.

Employer appeals from a final award of the Labor and Industrial Relations Commission ("the Commission") allowing compensation to the employee, Juanita Shore ("Shore"). We dismiss this appeal.

In June 1988, Shore, a hairdresser for the Ultimate Hair and Skin Care, slipped and fell on a wet floor near a washing machine while at work. As a result of her fall, Shore sustained injuries to her left leg, hip, shoulder, arm and neck. On June 27, 1989, Shore filed a workers' compensation claim against the Ultimate Hair and Skin Care.

On October 10, 1990, Henry A. Williams and Virginia A. Williams, owners of the Ultimate Hair and Skin Care, filed a voluntary petition under Chapter Seven of Title 11, United States Code, for bankruptcy relief. Specifically, the Williamses characterized the nature of their debt as both individual and business. On March 1, 1991, the United States Bankruptcy court discharged all of the Williamses' debts which were pending on the date of the commencement of their case. On April 15, 1991, the Williamses' bankruptcy case was closed.

On September 9, 1991, an administrative law judge held a hearing regarding Shore's workers' compensation claim. At the initiation of the hearing, Shore moved to amend her claim by interlineation so that her employer would be defined as: (1) The Ultimate Hair and Skin Care; (2) HDC Hair Design Center; (3) Henry A. Williams; and (4) Virginia A. Williams ("Employer"). The administrative law judge granted this motion. At the close of all evidence, the administrative law judge took the cause under submission.

On October 15, 1991, the administrative law judge issued her findings of facts and rulings of law. She determined that there was clear evidence of an accident occurring within the course and scope of employment. She further determined that two doctors' medical records corroborated Shore's testimony. She found Employer liable for medical expenses incurred to cure and relieve the effects of Shore's injuries. Said expenses totaled $11,682.45. The administrative law judge noted that Employer's workers' compensation insurance lapsed in April 1988 and that Employer had filed for bankruptcy. She, therefore, held the Second Injury Fund liable for this sum, pursuant to § 287.220(5), RSMo.Cum.Supp. 1991.

Additionally, the administrative law judge determined that Shore has a thirty percent partial disability of the body as a whole referable to the cervical spine. She, therefore, awarded Shore twenty-four weeks of temporary total disability at the rate of $256.41 per week, for a total of $6,153.84, holding that this sum is due from Employer. She further awarded Shore twenty percent permanent partial disability to the right upper extremity at the wrist. She, therefore, awarded Shore one hundred and twenty weeks of permanent partial disability at the rate of $161.89 per week, for a total of $19,426.80, holding that this sum is also due from Employer. Finally, the administrative law judge determined that the injuries to Shore's cervical spine and to her wrist combined to equal a sum greater than their simple sum. Therefore, she:

(1) assessed a fifteen percent load; and (2) awarded Shore the sum of $3,763.94 payable from the Second Injury Fund.

On May 1, 1992, the Labor and Industrial Relations Commission affirmed the administrative law judge's award. Employer appeals from this ruling. We heard oral arguments on this case on January 21, 1993, at which time we took the cause under submission. Subsequently, on January 28, 1993, we withdrew the cause from submission, requesting from the parties additional information regarding whether Shore's workers' compensation claim was discharged by the Williams' bankruptcy, thus rendering this appeal moot. We received additional information from both parties. Moreover, Shore filed a motion for damages for a frivolous appeal. On March 3, 1993, we again took this cause under submission.

Employer's sole point is that the Commission committed prejudicial, reversible and plain error and abused its discretion in that: (1) the facts the administrative law judge found and that the Commission affirmed do not support the award; (2) there was not sufficient competent evidence in the record to warrant the making of the award; and (3) the award was against the weight of the evidence which resulted in significant prejudice and manifest injustice to Employer. Employer raises five bases for this contention. We, however, do not address the merits of Employer's appeal for the reasons set forth below.

■ 11 U.S.C. § 523(a)(3) provides in pertinent part:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—...

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ....

Thus, under this section, a debt is discharged if: (1) the debtor listed or scheduled the creditor to whom such debt is owed in time to permit timely action by the creditor to protect his rights; or (2) the creditor had notice or actual knowledge of the case. *See American Standard Insurance Company of Wisconsin v. Bakehorn*, 147 B.R. 480, 482 (Bankr.N.D.Ind.1992).

■ As previously stated, review of the Williamses' bankruptcy documents indicates that on October 10, 1990, they filed a voluntary petition under Chapter Seven of Title 11, United States Code, for bankruptcy relief. The Williamses characterized the nature of their debt as both individual and business. They listed Shore as a creditor due to Shore's workers' compensation claim. They estimated their indebtedness to Shore in the amount of $3,700.00. The bankruptcy record does not reflect that Shore objected to the discharge of the Williamses' listed indebtedness to her. The debt was, thereafter, discharged on March 1, 1991. Discharge of the Williamses' listed indebtedness not only discharged the Williamses, but also Ultimate Hair and Skin Care and HDC Hair Design Center from all indebtedness to Shore since the entities were the Williamses' businesses. Moreover, discharge of the listed indebtedness discharged Employer's entire debt to Shore, and even a discrepancy in the amount of the debt does not affect the debt's discharge. *In re Christiane F. Mandukich*, 87 B.R. 296, 300 (Bankr. S.D.N.Y.1988), citing *In re Vega*, 15 B.R. 174, 176 (Bankr.W.D.Okla.1981). Thus, since the bankruptcy court discharged Employer from all liability to Shore, this appeal is moot. We, therefore, dismiss it. However, we briefly address Shore's motion for damages for frivolous appeal.

Shore seeks relief for damages for frivolous appeal under Rule 84.19 which pro-

vides: "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem proper and just." Shore argues that by filing this appeal, Employer delayed her collection of money owed to her by the Second Injury Fund. Shore further argues that in order to compensate her for the expenses of the appeal, we should award her: (1) $1,500.00 as and for attorney's fees; and (2) $1,679.45 for interest on the award against the Second Injury Fund.

Quite clearly, this appeal is an example of a case that should never have been presented to this court. It is frivolous. We, however, deny Shore's requested relief for two reasons. First, in Shore's appellate brief Shore argued that the bankruptcy court discharged Shore's claim against Employer by $3,700.00. Specifically, Shore stated that: "[Employer] should be given a credit for that $3,700.00 which has been discharged. The remainder, however, is due and owing [Shore]. [Employer is] jointly and severally liable for this judgement [sic]." Shore cites no authority for this theory of liability. Moreover, as we have explained above, it is inaccurate. By setting forth this argument, Shore's attorney violated 11 U.S.C. § 524(a) which prohibits creditors from attempting to collect any debt that has been discharged.

Second, in subsequent information provided to this court, Shore argued that while the bankruptcy court discharged Henry A. Williams and Virginia A. Williams from liability to Shore, it did not discharge Ultimate Hair and Skin Care and HDC Hair Design Center from liability to Shore. Shore, therefore, requested that we order said entities to be held liable for the amount of the award issued against Employer ($6,153.84 for temporary total disability and $19,426.80 for permanent partial disability). Shore similarly cites no authority for this position. Moreover, this argument mischaracterizes the bankruptcy court proceedings. As we have explained, Henry A. Williams and Virginia A. Williams filed a voluntary *business* bankruptcy. When the bankruptcy court discharged the Williams' debts, it discharged all of their business debts, including Ultimate Hair and Skin Care's and HDC Hair Design Center's debts. Thus, Shore's argument is without merit. By asserting it, Shore again violated 11 U.S.C. § 524(a).

Moreover, Rule 55.03 provides in pertinent part:

The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

When Shore's attorney asserted the above arguments, he also violated this rule in that the arguments are neither grounded in fact nor warranted by existing law. This perpetuation of the appeals process is not condoned.

Since Employer's appeal is frivolous and Shore's attorney's arguments are neither grounded in fact nor warranted by existing law, we considered: (1) awarding Shore damages from Employer under Rule 84.19; and (2) sanctioning Shore and ordering her to pay Employer the amount of reasonable expenses incurred because of the filing of her appellate brief and additional information. However, since this would only accomplish an exchange of funds between two wrongdoers, we deny either party any relief.

GARY M. GAERTNER, P.J., and SMITH, J., concur.