934 F.2d 240
 ASH CREEK MINING COMPANY, an Oklahoma Corporation, Plaintiff-Appellant,
v.
Manuel LUJAN, in his official capacity as Secretary of the
United States Department of the Interior, and the
United States Department of the
Interior, Defendants-Appellees.
 No. 90-8009.
 United States Court of Appeals,
Tenth Circuit.
 May 6, 1991.
 
 Ben Aufill of Central and South West Services, Inc., Dallas, Tex. (Brent R. Kunz of Hathaway, Speight, Kunz, Trautwein & Barrett, Cheyenne, Wyo., with him on the brief), for plaintiff-appellant.
 Apphia T. Schley, Attorney, U.S. Dept. of Justice, Washington, D.C. (George W. VanCleve, Acting Asst. Atty. Gen., Washington, D.C., Richard A. Stacy, U.S. Atty., David A. Kubichek, Asst. U.S. Atty., Casper, Wyo., Gerald S. Fish and Martin W. Matzen, Attorneys, U.S. Dept. of Justice, Washington, D.C., with her on the brief), for defendants-appellees.
 Before McKAY, ALDISERT* and McWILLIAMS, Circuit Judges.
 ALDISERT, Circuit Judge.
 
 
 1
 The doctrine of ripeness prevents federal courts from interfering with the actions of administrative agencies except when "a specific 'final agency action' has an actual or immediately threatened effect." Lujan v. National Wildlife Fed'n, --- U.S. ----, 110 S.Ct. 3177, 3191, 111 L.Ed.2d 695 (1990). The question before us is whether the United States Department of the Interior's decision to withhold the Ash Creek Coal Leasing Tract from the Department's coal leasing program pending a final decision on the proposed exchange of the tract for private lands presents a "final agency action" that is ripe for judicial review.
 
 
 2
 Ash Creek Mining Company owns the surface rights to the land in the Ash Creek Tract and actively seeks the opportunity to bid for the underlying coal in a competitive coal lease offering. The Department of Interior owns the coal rights and decided not to lease the coal, but to instead designate the property for exchange with another property. Fearing the loss of its planned coal leasing operation, Ash Creek objected to the Department's plans and filed a complaint in the district court alleging that the Department's decision violated federal law. The court entered summary judgment for the Department, holding that Ash Creek lacked standing to assert the action and that the complaint was unripe for judicial review. We agree that the action is not ripe because the Department's proposed exchange of the lands does not constitute a reviewable "final agency action," and we affirm the judgment of the district court on that basis only.
 
 
 3
 Jurisdiction was proper in the district court based on 28 U.S.C. Sec. 1331. We have jurisdiction under 28 U.S.C. Sec. 1291. The appeal was timely filed under Rule 4(a)(1), F.R.A.P.
 
 I.
 
 4
 The facts are undisputed. The appellant, Ash Creek Mining Company, is a wholly owned subsidiary of the Public Service Company of Oklahoma, which is the surface owner of approximately 3200.6 acres of land in Sheridan County, Wyoming. A portion of these surface rights overlie unleased federal coal in the Ash Creek Coal Leasing Tract, which the Department of the Interior designated for coal leasing in 1982. Both Ash Creek and the Public Service Company have filed nominations with the Department expressing an interest in leasing several thousand acres of coal in the Ash Creek Tract to provide fuel for company-owned electrical generating facilities.
 
 
 5
 On January 23, 1986, the Department of Interior published a Notice of Realty Action in the Federal Register announcing its intention to comply with the district court's order in Whitney Benefits, Inc. v. United States, Civ. No. 84-193K (D.Wyo. Dec. 3, 1985). That court order directed the Department to tender coal of equal value to Whitney Benefits in exchange for lands unsuitable for mining because of an alluvial valley floor designation. The Department's notice identified the Ash Creek Tract as suitable for exchange to Whitney Benefits and segregated it from disposal under the public land laws except through an exchange under Section 206 of the Federal Land Policy and Management Act (FLPMA).
 
 
 6
 On February 18, 1986, Ash Creek filed a protest with the Department's Bureau of Land Management challenging the designation of the tract for private exchange, the segregation of the tract from disposal other than by exchange, the failure to propose a formal coal exchange program and the inconsistencies between the determination that the coal is suitable for exchange and a prior determination that the coal was not suitable for a competitive coal lease offering.
 
 
 7
 The Bureau dismissed Ash Creek's protest on March 26, 1987. After the Assistant Secretary of the Interior for Lands and Mineral Management had approved the dismissal, Ash Creek appealed to the Interior Board of Land Appeals. On February 7, 1989, the Board dismissed the appeal for lack of jurisdiction, holding that the Assistant Secretary had the authority to reject Ash Creek's protest.
 
 
 8
 On June 23, 1989, Ash Creek filed its complaint challenging the Interior Department's decision to exchange the Ash Creek Tract for the Whitney Benefits Tract. Ash Creek alleged that the Department had not complied with the requirements of the FLPMA, 43 U.S.C. Sec. 1701, et seq., the Mineral Leasing Act, 30 U.S.C. Sec. 181, et seq., the National Environmental Policy Act (NEPA), 42 U.S.C. Sec. 4321, et seq., and the Administrative Procedure Act (APA), 5 U.S.C. Secs. 551, et seq., and 701, et seq., and asked the court to enjoin the Department from disposing of the Ash Creek Tract until it had satisfied the FLPMA's land policies and NEPA's environmental regulations.
 
 
 9
 Specifically, Ash Creek alleged that the Bureau had violated the FLPMA by failing to consider whether the public interest was well served by the proposed exchange according to the requirements of 43 U.S.C. Sec. 1716, and to afford an opportunity for public comment on the valuation of the lands to be exchanged pursuant to 43 U.S.C. Sec. 1716(b). The affidavit accompanying the complaint averred that "[b]y denying [Ash Creek] the opportunity to compete with open and fair competition to acquire a federal coal lease, [the Department] has destroyed the single purpose of the $14.5 million investment made in the PSO Mine No. 1 and adjoining acreage." Dist.Ct. Order at 6.
 
 
 10
 Ash Creek further alleged that the Secretary of the Interior had violated NEPA by failing to balance all the environmental interests involved. The complaint alleged both personal economic harm and general environmental harm.
 
 
 11
 The Department moved for summary judgment on the grounds that (1) Ash Creek lacked standing to challenge the agency action, (2) the district court did not have the authority to compel the Secretary to offer specific lands for competitive bidding, (3) the claim was not ripe and (4) Ash Creek is not entitled to review of the agency decisions rejecting its protest.
 
 
 12
 On December 18, 1989, the district court granted the Department's motion for summary judgment, holding that Ash Creek lacked standing to sue and that the claim was unripe for decision. Id. at 2 n. 1, 6-12. After analyzing Ash Creek's causes of action under the FLPMA and NEPA, the district court concluded that Ash Creek lacked standing because even if the court enjoined the proposed exchange until all statutory requirements had been met, it could not redress the harm to Ash Creek. Id. at 6-12. The district court also remarked that "it appears that this case is ... not ripe for judicial review." Id. at 2 n. 1. The court did not consider whether the complaint failed to state a claim upon which relief may be granted.
 
 
 13
 Ash Creek filed this appeal on January 16, 1990. The proposed exchange of the Ash Creek Tract for the Whitney Benefits Tract is still pending acceptance by Whitney Benefits.
 
 II.
 
 14
 We review de novo a trial court's grant of summary judgment, which requires us to examine the evidence in the light most favorable to the nonmoving party and determine (1) whether any genuine issues of material fact exist and (2) whether the district court correctly applied the relevant substantive law. Hokansen v. United States, 868 F.2d 372, 374 (10th Cir.1989). We may uphold " 'the granting of summary judgment if any proper ground exists to support the district court's ruling.' " Id. (quoting Setliff v. Memorial Hosp. of Sheridan County, 850 F.2d 1384, 1391-92 (10th Cir.1988)).
 
 III.
 
 15
 Ash Creek argues that the district court incorrectly concluded that it lacked standing to pursue its claim against the Interior Department and that its claim was not ripe. The Department responds that the district court's opinion is correct, but that even if Ash Creek has standing and the claim is ripe, the complaint must be dismissed for failure to state a claim upon which relief may be granted. Because we hold that the case is unripe for judicial review, we will not reach the parties' other contentions.
 
 A.
 
 16
 The ripeness doctrine is drawn both from Article III limitations on judicial power and from discretionary policies against deciding hypothetical cases. Metzenbaum v. Federal Energy Regulatory Comm'n, 675 F.2d 1282, 1289 (D.C.Cir.1982). A basic purpose of the doctrine " 'is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' " Pacific Gas & Elec. Co. v. Energy Resources Conservation and Dev. Comm'n, 461 U.S. 190, 200, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 1515-16, 18 L.Ed.2d 681 (1967)); see Lujan v. National Wildlife Fed'n, --- U.S. ----, 110 S.Ct. 3177, 3191, 111 L.Ed.2d 695 (1990).
 
 
 17
 Thus, before a court may review an agency decision, it must evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Laboratories, 387 U.S. at 149, 87 S.Ct. at 1515; Norvell v. Sangre de Cristo Dev. Co., Inc., 519 F.2d 370, 376-77 (10th Cir.1975). The Supreme Court has given us four factors to consider: (1) whether the issues in the case are purely legal; (2) whether the agency action involved is "final agency action" within the meaning of the Administrative Procedure Act, 5 U.S.C. Sec. 704; (3) whether the action has or will have a direct and immediate impact upon the plaintiff and (4) whether the resolution of the issues will promote effective enforcement and administration by the agency. Abbott Laboratories, 387 U.S. at 149-54, 87 S.Ct. at 1515-18; see Placid Oil Co. v. Federal Energy Regulatory Comm'n, 666 F.2d 976, 981 (5th Cir.1982).
 
 B.
 
 18
 We have considered these factors and conclude that Ash Creek's action is unripe for judicial review because it cannot surmount the hurdle presented by the second factor. Ash Creek has failed to show that the Department's proposed exchange of the Ash Creek Coal Leasing Tract for the Whitney Benefits Tract constitutes "final agency action" under the Administrative Procedure Act. The Act states that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. Sec. 704.
 
 
 19
 For an administrative order to be final, it must "impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process." Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp, 333 U.S. 103, 113, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948). Ash Creek has not identified any agency action satisfying this test. The purpose of the Notice of Realty Action, for example, was to announce the agency's interim decision to withhold the Ash Creek Tract from the coal leasing program pending a final decision regarding the proposed exchange of lands and to solicit public comments to aid the agency in making this decision. Neither this notice nor any other departmental activity evidences a final decision to exchange the lands; thus, we do not have a "final agency action" to review within the meaning of section 704.
 
 
 20
 One of the reasons we do not review preliminary or intermediate agency decisions is to avoid extended periods of unnecessary litigation. We agree with the district court that
 
 
 21
 [i]t is undeniable that should [this] suit continue, extensive and expensive discovery would be undertaken, motions would be filed and hearings held, and all parties and the court would expend a great deal of time and money pursuing a determination of the propriety of the exchange. All of this would occur, and the land exchange may never occur. It is for precisely this reason that the court refuses to exercise its jurisdiction until the agency action is final.
 
 
 22
 Dist.Ct. Order at 3 n. 1.
 
 
 23
 We see a parallel between the facts here and those in National Wildlife Fed'n v. Goldschmidt, 677 F.2d 259 (2d Cir.1982), where an environmental group challenged the adequacy of the environmental impact statements prepared for two proposed sections of a federal highway. Noting that the agency had not made any final decisions regarding construction of the highway, the court dismissed the suit as unripe because a judicial determination only "would resolve a dispute about a hypothetical highway." Id. at 263.
 
 
 24
 If we permitted Ash Creek to proceed with its suit at this time, we would be instructing the district court to resolve a dispute about a hypothetical exchange of lands. This we cannot do. The strictures of Article III limitations on judicial power prevent the adjudication of conjectural scenarios. At oral argument, counsel for the Department of Interior conceded that Ash Creek's claim would be ripe if and when Whitney Benefits actually accepted the exchange, but before the patent issued. We agree with the Department that if and when Whitney Benefits accepts the exchange, the obstacle posed by the ripeness doctrine will no longer prevent the court from considering Ash Creek's complaint.
 
 IV.
 
 25
 We conclude, therefore, that Ash Creek's challenge to the Department of Interior's proposed exchange of the Ash Creek Tract for the Whitney Benefits Tract is not ripe for judicial review at this time. The judgment of the district court is
 
 
 26
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation