**Gary HELMS, Julie Barratt, and Gayle Meyer, individuals, Plaintiffs,**

v.

**Jeffrey GAMET, an individual, and The Board of County Commissioners of the County of Douglas, a political subdivision of the state of Colorado, Defendants.**

Civ. A. No. 92–F–2459.

United States District Court,
D. Colorado.

Aug. 6, 1993.

Linda A. Cawley, Denver, CO, for plaintiffs.

Theodore S. Halaby, Joseph M. Timmins, Halaby, McCrea & Cross, Denver, CO, J. Mark Hannen, Douglas County Atty., Castle Rock, CO, for defendants.

## ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This·is a case involving allegations of official misconduct. This matter comes before the Court on Jeffrey Gamet's motion to dismiss. Jurisdiction is based on 28 U.S.C.A. § 1331. The litigants have fully briefed the matter. For the reasons stated below, the motion is GRANTED.

### I. Background

On or about June 10, 1991, Defendant Officer Jeffrey Gamet, an animal control officer employed by Douglas County, drove to the residence of Plaintiffs to assist two Public Service Company employees in removing a meter from a home.[1] None of the Plaintiffs ·were at home during the events that give rise to their complaint. Officer Gamet alleges the Public Service employees were concerned about a "vicious" dog at the residence. Def. Gamet's Mot. for Summ.J., at 1. Officer Gamet entered the backyard of Plaintiffs' residence by cutting a wire that held shut the gate to a six-foot-high privacy fence on which was posted a "Beware of Dog" sign.

Once in the backyard, Officer Gamet was apparently startled by the appearance of a dog, Bruno, Plaintiffs' thirteen-year-old Labrador Retriever. Officer Gamet claims the dog charged him and the two employees with teeth bared and hackles raised. He claims he tried unsuccessfully to stop the dog by using an ultrasonic transmitter. He then drew his baton but claims the dog was too close to deliver an effective blow. He dropped the baton and drew his 45–caliber revolver, firing a bullet into Bruno's head and killing the dog instantly. Officer Gamet then removed Bruno's body from the residence and attempted to wash away the blood from the concrete on which Bruno's body had come to rest. Officer Gamet left a note on the back of his business card informing Plaintiffs their dog was "no longer alive." Plaintiffs have no dispute with Officer Gamet's presentation of the facts.

Plaintiffs apparently encountered some resistance in their attempts to get information on the shooting from the Douglas County Sheriff's Department. It was not until December 15, 1992, that Plaintiffs filed this action against Officer Gamet, Douglas County, and the Douglas County Sheriff's Office. Plaintiffs alleged deprivation of their civil rights, negligence, extreme and outrageous conduct, invasion of privacy, intentional infliction of emotional distress, trespass, trespass to chattels, conversion, public nuisance, and private nuisance. Defendants moved to dismiss all state tort claims against Officer Gamet and Douglas County and all claims against the Douglas County Sheriff's Office and the Court granted the motion on April 6, 1993. On May 26, 1993, Douglas County moved for its dismissal and the Court granted the motion. On July 8, 1993, Officer Gamet moved for summary judgment, claiming that he is entitled to qualified immunity from Plaintiff's § 1983 claims and that Plaintiffs are not entitled to damages for emotional injury.

### II. Summary Judgment Standard

■ Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Ash Creek Mining Co. v. Lujan,* 934 F.2d 240, 242 (10th Cir.1991); *Metz v. United States,* 933 F.2d 802, 804 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991); *Continental Casualty Co. v. P.D.C., Inc.,* 931 F.2d 1429, 1430 (10th Cir.1991). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Dayco Prods., Inc.,* 758 F.Supp. 630, 631 (D.Colo. 1990).

---

**1.** All factual recitations in this order have been alleged in the litigants' pleadings.

■ In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Newport Steel Corp. v. Thompson*, 757 F.Supp. 1152, 1155 (D.Colo. 1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir.1991).

■ In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. Rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2552. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

■ Once the movant has made an initial showing, the burden of going forward shifts to the opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23, 106 S.Ct. at 2552. The nonmovant must go beyond the pleadings and designate specific facts showing genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan*, 931 F.2d 636, 639 (10th Cir. 1991). Conclusory allegations will not establish issues of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.*, 823 F.2d 1395, 1398 (10th Cir. 1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can con-

clude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356.

### III.  Qualified Immunity

Defendants claim that Officer Gamet is entitled to qualified immunity from suit because a reasonable officer in his position could have believed his actions were lawful. Plaintiffs merely state that Officer Gamet is not entitled to immunity because he was negligent in shooting the dog.

■ Government officials performing discretionary functions in connection with their duties are immune from liability in their individual capacities under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Officials have such immunity so long as they do not violate the clearly established constitutional rights of which reasonable officers knew or should have known. *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985). The qualified immunity defense provides protection to all but the plainly incompetent or those who knowingly violate the law. *See Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1985). In order to forfeit immunity, the unlawfulness of the officer's action must be apparent in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The plaintiff carries the burden of showing that the law was clearly established. *See Pueblo Neighborhood Health Centers v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988).

■ In meeting this burden, the plaintiff must do more than identify in the abstract a clearly established right and allege the defendant has violated it. *Anderson*, 483 U.S. at 640 n. 2, 107 S.Ct. at 3039 n. 2 (observing that a "passably clever plaintiff would always be able to identify an abstract clearly established right that the defendant could be alleged to have violated"). Furthermore, qualified immunity questions should be resolved at the earliest possible stage of litigation due to the "peculiarly disruptive" effect on effective government of "broad-rang-

ing discovery." *Harlow*, 457 U.S. at 817, 102 S.Ct. at 2737 (footnote omitted); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1986). The question of whether an official otherwise protected by qualified immunity may be held personally liable for an alleged unlawful act turns on the objective legal reasonableness of the official's action in light of the legal rules that were clearly established at the time the action was taken. *Id.*

 The relevant question here is whether a reasonable officer could have believed Officer Gamet's use of force was lawful in light of clearly established law and the information he had at the time. Plaintiffs have made no attempt to show what constitutional right, clearly established or otherwise, was implicated in Officer Gamet's killing of their dog. Nor have Plaintiffs offered any facts tending to show that if there were even an abstract right applicable in this case,[2] for example, the right to be free of unreasonable use of force, that right was violated by unreasonable action on the part of Officer Gamet.

Plaintiffs have merely stated that they have a property right and that Officer Gamet negligently violated that right. Both propositions are entirely conclusory. Indeed, a primary defect of Plaintiffs' claim is that they were not witnesses to what occurred between Officer Gamet and Bruno; therefore they are unable to produce any facts tending to show negligence on Officer Gamet's part. Their assertion that Officer Gamet was negligent is a classic example of a conclusory allegation. Meanwhile, under Officer Gamet's version of the facts, his actions would appear to have been reasonable. However, the question of Officer Gamet's reasonableness is not before us; certainly if there were a dispute of fact, the question would be one for the jury. But Plaintiffs are unable to designate specific facts showing genuine issues for trial on the elements challenged by the motion. *Tillett*, 931 F.2d at 639. Conclusory allegations will

not establish issues of fact sufficient to defeat summary judgment. *McVay*, 823 F.2d at 1398.

Because we dismiss Plaintiffs' federal claim, their request for emotional damages similarly must be dismissed.

## IV.

Accordingly, it is ordered that:

(1) Defendant's Motion for Summary Judgment and Stay of Discovery, filed July 8, 1993, is GRANTED.

(2) The complaint and cause of action in this case are DISMISSED.

(3) All parties are to bear their own costs.

---

2. Indeed, Plaintiffs leave unclear exactly what constitutes the contours of their claim. Clearly they have a right in the abstract against deprivation of their property without due process of law, and they have a right to be free of unreasonable use of force. But they have made no attempt to link up any unreasonable force used on a third party, such as a dog, with their own due process rights. Nor, as noted above, have they shown that the resulting right was violated by the actions of Officer Gamet. A New York state case cited by Plaintiffs, *Fowler v. Town of Ticonderoga*, 131 A.D.2d 919, 516 N.Y.S.2d 368 (1987), a state case brought under state tort law, is inapposite.