13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GARFIELD COUNTY, a political subdivision of the State of
Utah, Plaintiff-Appellee,
v.
SIERRA CLUB, Intervenor-Defendant-Cross-Claimant-Appellee,
NATIONAL PARKS AND CONSERVATION ASSOCIATION, a nonprofit
organization; Southern Utah Wilderness Alliance,
a Utah nonprofit corporation,
Intervenors-Defendants-Appellees,
v.
Manuel LUJAN, in his capacity as Secretary of the United
States Department of the Interior; Department of
Interior of the United States,
Intervenors-Defendants-Cross-
Claim-Defendants-Appellees.
 Nos. 92-4162, 92-4171.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 24, 1993.
 
 Before TACHA, HOLLOWAY, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The Sierra Club appeals from a district court order setting aside a decision of the Interior Board of Land Appeals (IBLA). We conclude that the IBLA's decision, which vacated the "findings of no significant impact" made by the Bureau of Land Management (BLM) and directed the BLM to perform further environmental analysis, did not constitute "final agency action" because it did not "impose an obligation, deny a right or fix some legal relationship" between Garfield County and the Department of the Interior. Ash Creek Mining Co. v. Lujan, 934 F.2d 240, 243 (10th Cir.1991) (quoting Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 113 (1948)). Thus, the district court lacked jurisdiction to review the IBLA's decision. See 5 U.S.C. 704. We therefore DISMISS this appeal and REMAND with directions to dismiss the County's complaint as not ripe for judicial review.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3