**PAINEWEBBER INCOME PROPERTIES THREE LIMITED PARTNERSHIP, a Delaware Limited partnership, qualified to do business in Florida, By and Through its General Partner, THIRD INCOME PROPERTIES, INC., a Delaware Corporation, Plaintiff,**

v.

**MOBIL OIL CORPORATION, a New York Corporation, Defendant.**

No. 92–1839–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 21, 1996.

Clifford A. Schulman, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quental, P.A., Miami, FL, Byron G. Petersen, Siegfried, Kipnis, Rivera, Lerner, DeLaTorre & Petersen, Ft. Lauderdale, FL, for Painewebber Income Properties Three Limited Partnership Third Income Properties, Inc.

Roger Steven Kobert, Todd R. Legon, Mark A. Cohen & Associates, P.A., Miami, FL, for Mobil Oil Corp.

### ORDER ON MOTION FOR DETERMINATION OF ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant, Mobil Oil Corporation's (hereinafter referred to as "Mobil") Motion for Determination of its Entitlement to Attorneys' Fees and Costs (Dkt. No. 84); response (Dkt. No. 92); and all supporting documents.

## FACTS

Plaintiff Painewebber Income Properties Three Limited Partnership (hereinafter referred to as "Painewebber") owns approximately 13.83 acres at 17th Street and Lockwood Ridge Road in Sarasota, Florida, which is known as the Northeast Plaza Shopping Center ("Property"). Defendant Mobil is the owner and/or operator of a service station ("Station") located at 1700 Lockwood Ridge Road, Sarasota, Florida, to the south, to the west, and contiguous to the property owned by Plaintiff.

Due to cracks in certain distribution lines for the tanks, and other deficiencies in Defendant, Mobil's Station, petroleum contamination had migrated across the property line separating Mobil's Station site from Painewebber's property causing petroleum contamination of the groundwater and/or soil of Painewebber's property.

On November 23, 1992, Painewebber filed a multi-count complaint (Dkt. No. 1) against Mobil; supplemented and amended on August 1, 1994 (Dkt. No. 44), seeking damages for statutory and other pendent claims arising out of the environmental contamination to real property it owns. Specifically, Painewebber sought relief pursuant to 42 U.S.C. § 6972 of the Federal Resource Conservation and Recovery Act (RCRA) for hazardous waste discharge in Count I and, pursuant to Fla.Stat. § 376.313, in Count II for contractual indemnification, Count III for statutory strict liability, Count IV for common law strict liability, Count V for negligence, Count VI for trespass, Count VII for nuisance and Count VIII for breach of an indemnity agreement. On February 13, 1995, Mobil filed a motion with memorandum in support for partial summary judgment as to the statutory claims and for diminution in value damages (Dkt. No. 60).

On April 28, 1995, this Court, after acknowledging Painewebber's failure to comply with the statutory notice requirement of § 6972(b), issued an Order granting Mobil's motion for partial summary judgment as to the RCRA claim in Count I and, pursuant to *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1972), dismissed the supplemental state claims of Counts II through VIII (Dkt. No. 81, Pg. 14). Accordingly, this Court closed this case by directing the Clerk of the Court to enter a Judgment for Mobil as to Count I, and dismiss, along with all other claims, Counts II through VIII (Dkt. No. 83).

On May 17, 1995, Painewebber made a motion with memorandum in support for reconsideration of Order [81], Judgment Order [83], or, alternatively, to alter or amend Judgment Order (Dkt. No. 86). This Court issued an Order denying Painewebber's motion on June 23, 1995 (Dkt. No. 91). Mobil is now asking this Court for a determination of its entitlement to a statutory award of reasonable attorneys' fees and costs. Mobil bases its claim for attorneys' fees and costs on 42 U.S.C. § 6972(e) and Local Rule 4.18(a) (Dkt. No. 84). Section 6972(e) provides in pertinent part: "The Court, in issuing any final order in any action brought pursuant to this section or section 7006, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines an award appropriate." 42 U.S.C. § 6972(e). Mobil contends that it is the prevailing or substantially prevailing party to the above styled cause of action and, as a result, this Court is empowered to award Mobil attorneys' fees and costs (Dkt. No. 84, Pg. 3). Painewebber argues that Mobil is not a prevailing or substantially prevailing party since, as Painewebber maintains, this Court did not enter a final order on the merits of its RCRA claim, but rather dismissed this case on a purely procedural distinction, that of lack of subject matter jurisdiction (Dkt. No. 92, Pgs. 6–7).

## DISCUSSION

■ In the United States, absent special legislation or contract providing otherwise, the general rule is that litigants must pay their own attorneys' fees. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 681, 103 S.Ct. 3274, 3275, 77 L.Ed.2d 938 (1983); *see also Christiansburg Garment Co. v. E.E.O.C,* 434 U.S. 412, 415, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978); *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1620, 44 L.Ed.2d 141 (1975); *Hall v. Cole,*

412 U.S. 1, 4, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973). Congress has provided limited exceptions to this 'American Rule' in selected federal statutes granting or limiting fee awards to prevailing parties. *Christiansburg*, 434 U.S. at 415, 98 S.Ct. at 697. *See, e.g.*, Toxic Substance Control Act, 15 U.S.C. § 2618(d); Endangered Species Act, 16 U.S.C. § 1540(g)(4); Surface Mining Control and Reclamation Act, 30 U.S.C. (Supp. IV) § 1270(d); Deep Seabed Hard Mineral Resources Act, 30 U.S.C. (Supp. IV) § 1427(c); Clean Water Act, 33 U.S.C. § 1365(d); Marine Protection, Research and Sanctuaries Act, 33 U.S.C. § 1415(g)(4); Deepwater Port Act, 33 U.S.C. § 1515(d); Safe Drinking Water Act, 42 U.S.C. § 300j–8(d); Noise Control Act, 42 U.S.C. § 4911(d); Energy Policy and Conservation Act, 42 U.S.C. § 6305(d).

█ Absent express Congressional statutory provisions granting attorneys' fees and costs, it has long been held that a federal court may award counsel fees to a successful party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ." *F.D. Rich Co., Inc. v. United States*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974); *see also Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). In some, if not most, federal statutory provisions explicitly providing for the recovery of attorneys' fees and costs, it is recognized that Congressional intent was to provide the impetus for private litigants to enforce Congressional policies considered to be of great public importance. *Alyeska*, 421 U.S. at 263, 95 S.Ct. at 1624. Congressional utilization of the private-attorney general concept, however, is by no means a grant of authority for this Court to jettison the traditional rule against allowing prevailing litigants to recover attorneys' fees and costs in the absence of an express statutory provision providing otherwise. *See id.* Congress itself has the power to pick and choose among its statutes which ones will allow the recovery of attorneys' fees and costs. *Id.* Congress has decided that Title 42 U.S.C. § 6972 is of significant public importance to provide for the recovery of attorneys' fees and costs to the prevailing or substantially prevailing party.

█ This Court, having examined and considered the record here, concludes that Mobil is not the prevailing or substantially prevailing party for purposes of the statutory recovery provision contained in § 6972(e). The party seeking attorneys' fees and costs must "succeed on any significant issue in litigation" in order to be considered the prevailing or substantially prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Accordingly, the outer boundary of the term 'prevailing or substantially prevailing party' is that a party must receive at least some relief on the merits of its claim before being considered a prevailing or substantially prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 759–60, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987) (citing *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980)); *see also Ruckelshaus v. Sierra Club*, 463 U.S. 680, 682, 103 S.Ct. 3274, 3275, 77 L.Ed.2d 938 (1983).

Mobil claims it is the prevailing or substantially prevailing party since this Court entered a judgment in its favor and against Painewebber's entire RCRA claim (Dkt. No. 84, Pg. 3). Furthermore, Mobil contends that it is entitled to attorneys' fees and costs from Painewebber since Painewebber failed to satisfy the notice requirement of the RCRA claim and, as a result, Painewebber's action was frivolous and without merit (Dkt. No. 84, Pg. 4–5).

█ This Court recognizes that the case was dismissed in favor of Mobil due to Painewebber's failure to follow the procedural steps necessary to vest subject matter jurisdiction in this Court. Title 42 U.S.C. § 6971(a) provides that all actions under § 6971 "shall be brought in the district court for the district in which the alleged violation occurred." 42 U.S.C. § 6971(a). However, § 6972(b) provides:

**(b) Actions prohibited** . . . . (2)(A) No action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment to—

(iii) any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B). . . .

42 U.S.C. § 6972(b).

The basis for rendering a decision in Mobil's favor was lack of subject matter jurisdiction due to Painewebber's failure to provide Mobil with ninety (90) days notice of Mobil's environmental endangerment (Dkt. No. 81). This Court concludes this is not a decision on the merits of the RCRA claim.

■ Painewebber correctly articulates that purely technical or de minimis success on legal claims is not the stuff that makes meritorious decisions (Dkt. No. 92, Pg. 4). *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Hewitt*, 482 U.S. at 759–60, 107 S.Ct. at 2675–76. In *Texas Teachers*, at issue was the statutory provision of 42 U.S.C. § 1988 which provided for the recovery of attorneys fees and costs, reading in part: "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." *Texas Teachers*, 489 U.S. at 788, 109 S.Ct. at 1491 (citing 42 U.S.C. § 1988). The statutory attorneys' fees and costs recovery provision of § 6972(e) is substantially the same as the one in 42 U.S.C. § 1988, at issue in *Texas Teachers*. In *Texas Teachers*, the Court delineated the proper standard to apply in determining when a party has "prevailed" in an action brought under a federal statute. *Id.* at 784, 109 S.Ct. at 1489. Clarifying *Hensley*, the Court explained "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas Teachers*, 489 U.S. at 792–93, 109 S.Ct. at 1493–94.

■ This Court's previous decision, granting in part and dismissing in part Painewebber's RCRA claim based on lack of subject matter jurisdiction (Dkt. No. 81), has not materially altered the legal relationship between Painewebber and Mobile. As Painewebber correctly maintains, once it satisfies the ninety day (90) notice requirement of § 6972(b)(2)(A) it can thereafter proceed with the federal RCRA claim against Mobile (Dkt. No. 92, Pg. 5). Further, this Court's previous Order (Dkt. No. 81) also did *not* alter the legal relationship between Painewebber and Mobil as to the pendent state claims. They are currently being litigated in state court in Sarasota, Florida. Therefore, this Court holds that it has not rendered a decision on the merits of Painewebber's federal RCRA claim and, accordingly, Mobil is not a prevailing or substantially prevailing party in accordance with § 6972(e). As a result, Mobil is not entitled to attorneys' fees and costs pursuant to § 6972(e) of the federal Resource Conservation Recovery Act of 42 U.S.C. § 6971.

This determination, however, does not end the inquiry into whether Mobil is entitled to attorneys' fees and costs. Mobil maintains that Painewebber's claim is without foundation, and awarding them attorneys' fees and costs would uphold the underlying purpose of preventing warrantless lawsuits and deterring wasteful litigation. As expressed earlier, if this Court determines that Painewebber acted in bad faith, vexatiously, wantonly, or for oppressive reasons in bringing the RCRA claim against Mobil, then this Court has the discretion to award appropriate attorneys' fees and costs to Mobil. *See Piggie Park*, 390 U.S. at 402 n. 4, 88 S.Ct. at 966 n. 4.

Despite Mobil's argument, this Court finds nothing in the record to uphold the notion that Painewebber had an improper motive for bringing suit, or that the claim was without foundation. Taxing attorneys' fees and costs to a citizens' plaintiff who loses on a purely technical distinction would greatly discourage citizens from bringing citizens' suits to enforce federal statutes considered of paramount importance. This is directly contrary to the Congressional intent of allowing so called "private attorney generals" to bring suit to enforce federal statutes. The federal government does not have the time and resources to effectively police all federal statutes vigorously. Citizens' suits are a valuable supplement to federal resources and imposing attorneys' fees and costs on a citi-

zens' plaintiff for a technical error and dismissal would seriously impede the effectiveness of these federal statutes.

In *Washington Trout v. Scab Rock Feeders*, 823 F.Supp. 819 (E.D.Wash.1993), a similar case to the one *sub judice*, the plaintiff brought a citizen's suit under the Clean Water Act ("CWA") of 33 U.S.C. § 1251. The CWA stipulates that citizens desiring to bring suit under the federal CWA statute must give specific notice, sixty days (60), to potential polluters before an action may be commenced. *Washington Trout*, 823 F.Supp. at 820. The plaintiff neglected to give the statutory required sixty days notice and the federal district court dismissed the CWA claim as well as all pendent state claims after four years of litigation. *Id.* The notice requirements of both the CWA and RCRA are substantially identical as both are modeled after the 1970 Amendments to the Clean Air Act. *Washington Trout*, 823 F.Supp. at 820 n. 1; *see* 33 U.S.C. § 1365(b). The defendant moved the court for attorneys' fees and costs. *Id.* at 821. The district court denied the motion, concluding that there was no showing of intent, recklessness, or bad faith. *Id.* This Court finds the facts and ruling of *Washington Trout* persuasive. If four years of litigation does not amount to a showing of intent, recklessness, or bad faith, neither should three and a half of years of pretrial litigation.

 Further, Painewebber believed, albeit to their error, that they were exempt from the notice requirement of § 6972(b)(2)(A), since it thought petroleum was considered to be a "hazardous waste" (Dkt. No. 81, Pg. 9). The 1984 amendment to RCRA explicitly allows citizens' suits involving "hazardous waste" to be brought immediately after notifying the administrator of the Environmental Protection Agency. This Court determined that petroleum is not a "hazardous waste" and, accordingly, determined that Plaintiff, Painewebber, was not exempted from the statutory notice requirement (Dkt. No. 81, Pg. 11). This Court, however, finds that Painewebber's belief that petroleum was a "hazardous waste" was reasonable and not for purposes of acting in bad faith, vexatiously, wantonly, or for oppressive reasons.

Therefore, this Court, having reviewed the record in this case, the motion for entitlement to attorneys' fees and costs, supporting memorandums and cited authorities, holds that Mobil is not entitled to attorneys' fees and costs.

Accordingly, it is

**ORDERED** that Defendant, Mobil Oil Corporation's Motion for a Determination of its Entitlement to Attorneys' Fees And Costs be **denied.**

**DONE AND ORDERED.**